UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL A. GARCÍA-ALVAREZ,<br><br>Defendant. | Criminal No. 06-198 (JAF) |

**OPINION AND ORDER**

On August 18, 2006, Defendant Angel A. García-Alvarez ("García-Alvarez") was found guilty of carjacking while using a firearm. Docket Document No. 55. García-Alvarez now moves for a new trial based on allegedly newly-discovered evidence that, he asserts, substantiates his alibi with a high degree of accuracy and is likely to result in his acquittal upon retrial. Docket Document No. 71. The United States opposes. Docket Document No. 79. For the reasons stated below, we deny Defendant's motion.

**I.**

**Background**

Unless otherwise indicated, the following facts are based on the parties' filings. Docket Document Nos. 71, 79. García-Alvarez was indicted on June 21, 2006, and arraigned a week later on June 28, 2006. The charges brought against García-Alvarez arose out of a carjacking that took place on April 12, 2006 at an

Criminal No. 06-198 (JAF)                                              -2-

apartment building in Condado, Puerto Rico, between the hours of 9:00 a.m. and 12:00 Noon.

At a status conference held on July 21, 2006, the court scheduled trial for the first week of August 2006. The trial date was then extended to August 14, 2006, after the defense stated that it needed more time to prepare for trial. The main theory of the defense was that García-Alvarez had an alibi and, therefore, this was a case of mistaken identity. García-Alvarez' alibi was that he was delivering furniture in Carolina, Puerto Rico, the morning of the crime. During the trial, the jury heard testimony in support of his alibi from one of García-Alvarez' employees, as well as the person who received the furniture delivery. The defense argued that this testimony established García-Alvarez' alibi. The government stipulated to the fact that García-Alvarez delivered furniture to this particular customer on the morning of the crime, but asserted that he made this delivery in an attempt to establish his alibi after he committed the crime. On August 18, 2006, after the close of all of the evidence, the jury returned a verdict of guilty on all counts. Docket Document No. 55.

On February 13, 2007, García-Alvarez moved for a new trial on the basis of allegedly newly-discovered evidence in the form of testimony and analysis performed by engineers of Centennial, the cell phone company that provided service to the cell phones that were allegedly used by García-Alvarez and his employee on April 12, 2006.

<u>Docket Document No. 71</u>. That morning, García-Alvarez, who has a furniture delivery business, brought furniture to a residence in Carolina with one of his employees. They traveled to the residence in separate vehicles and took different routes but were in regular communication via cell phone throughout the morning. Both cell phones were in García-Alvarez' name.

The proffered evidence contains an analysis of the billing codes cited in García-Alvarez' cell phone records that purportedly pinpoints the general physical location of García-Alvarez' cell phone in reference to Centennial transmission facilities every time a call was made or received from it on the morning of the crime. Generally, every time a person makes or receives a call from a cell phone using Centennial's service, the call is picked up by a specific antenna, or "cell site," that is located in the nearest part of the island where the cell phone is physically located. The location of the cell site for each call appears as a billing code in each customer's cell phone records. After the engineers at Centennial deciphered the codes in García-Alvarez' records, their analysis showed that most of the calls that were made and received from the cell phone that was allegedly in García-Alvarez' possession on the morning of the crime were handled by cell sites in Carolina. According to the engineers, this means

Criminal No. 06-198 (JAF)                                              -4-

that García-Alvarez' cell phone was, to a high degree of certainty, located in Carolina during the entire commission of the crime.[1]

At trial, the government did not dispute that García-Alvarez made the furniture delivery on the morning of April 12, 2006; rather, it asserted that he made the delivery <u>after</u> he committed the crime. García-Alvarez now urges the court to grant a new trial based on the newly-obtained evidence, asserting that it would show that he was in Carolina during, and not just after, the commission of the crime, and would, therefore, likely result in an acquittal upon retrial. On March 9, 2007, the United States opposed García-Alvarez' motion for a new trial. Docket Document No. 79.

## II.

### Motion for New Trial Standard

Rule 33 of the Federal Rules of Criminal Procedure states in pertinent part that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a) (2007). "The standard for granting a motion for a new trial is quite high." United States v. Genao-Sanchez, 208 F. Supp. 2d 130, 134 (D.P.R. 2002); see also United States v. Ortiz-Miranda, 931 F. Supp. 85, 92 (D.P.R.

---

[1] The Western part of the Municipality of Carolina adjoins the Eastern part of the Municipality of San Juan. Both locations are close to each other. The Luis Muñoz Marín International Airport, for example, is in Carolina, and only a few yards away from the Municipality of San Juan.

Criminal No. 06-198 (JAF)                                                    -5-

1996)(stating that the requirements of Rule 33 are extremely stringent).

A motion for new trial on the basis of newly-discovered evidence will not be granted unless the defendant can demonstrate that "(1) the evidence was unavailable or unknown at the time of trial; (2) the defendant's failure to uncover the evidence earlier was not due to a lack of diligence; (3) the tendered evidence is material and not simply impeaching or cumulative; and (4) the new evidence will probably result in an acquittal if the defendant is retried." United States v. George, 448 F.3d 96, 101 (1st Cir. 2006). The defendant bears the burden of establishing each of these requirements. "If any of the four factors are lacking, then a Rule 33 motion must be denied." United States v. Falu-Gonzalez, 205 F.3d 436, 442 (1st Cir. 2000)(quotations omitted).

### III.

### **Legal Analysis**

García-Alvarez asserts that the court should order a new trial on the basis of newly-discovered evidence in the form of testimony and analysis performed by engineers of Centennial because this evidence would "allow for a finding with a very high degree of certainty that at times where the alleged offense in this case was occurring, the defendant was physically located in the municipality of Carolina and not in the [adjoining San Juan] Condado area," where the crime occurred. Docket Document No. 71. According to García-

Criminal No. 06-198 (JAF)                                                           -6-

Alvarez, a new trial is warranted because each of the prongs of the test for a new trial have been met, namely (1) the evidence was unavailable or unknown at the time of trial; (2) his failure to uncover the evidence earlier was not due to a lack of diligence; (3) the evidence is material and not simply impeaching or cumulative; and (4) the new evidence will probably result in an acquittal if he is retried. Id.

### A.   First Two Prongs: Evidence Was Unavailable or Unknown At Trial & It Could Not Have Been Uncovered With Due Diligence

García-Alvarez has moved for a new trial on the basis of "newly discovered evidence." Docket Document No. 71. "[C]ourts have given a narrow meaning to the phrase 'newly discovered,' holding that the defendant must demonstrate not only that the evidence was unknown or unavailable at the time of the trial, but also that failure to learn of the evidence was not due to lack of due diligence by the defendant." United States v. Lema, 909 F.2d 561, 566 (1st Cir. 1990)(quotations omitted). "Due diligence requires that a defendant exert some effort to discover the evidence." United States v. Jaramillo, 42 F.3d 920, 925 (5th Cir. 1995); see also United States v. Lombardi, 524 F. Supp. 182, 185 (E.D.N.Y. 1981)(stating that "at the very least some effort" is required to show due diligence).

Here, García-Alvarez admits that he had custody of at least some aspects of the "newly discovered evidence" prior to the trial. Docket Document No. 71. He states that, "[d]uring the investigation

Criminal No. 06-198 (JAF)                                                    -7-

for the instant case, the defense was able to obtain [his] . . . phone records . . . which contain[ed] all the information regarding the date, time and phone numbers of the persons called by [his] . . . cellular telephones." Id. These records also contained the billing codes that Centennial's cell phone engineers used to pinpoint the physical location of García-Alvarez' cell phone on the morning of the crime. Id.

However, García-Alvarez states that these records were not introduced into evidence at trial because they were "either irrelevant or never in dispute," and the defense decided to establish García-Alvarez' alibi through other means, including testimony of witnesses and other documentary evidence. Id. García-Alvarez also asserts that "the defense never anticipated that the theory of the government would be that [García-Alvarez] took affirmative steps, concerted in advance, to create his own alibi in anticipation of potential prosecution," which "the government advanced toward the end of its case in chief [on] the fourth day of trial." Id. The defense states that it was only after they learned of the government's theory and after García-Alvarez was convicted that "it became completely relevant and important to decipher the billing codes . . . in hopes that such codes would reveal a specific location from where the phone calls were made or received in an attempt to accurately position the defendant at the time of the offense." Id. The defense waited until after the trial was over to subpoena the cell phone engineers at

Criminal No. 06-198 (JAF)                                                     -8-

Centennial to request that they "explain the billing codes and whether it was at all possible to give a description of the physical location of the defendant using the phone records as a guide." Id.

These arguments are unpersuasive. We are focused here on the first two prongs of the test for a new trial, which require proof that the evidence was unavailable or unknown to Defendant at trial and could not have been discovered with due diligence. See United States v. George, 448 F.3d 96, 101 (1st. Cir. 2006). García-Alvarez' decision to forego further investigation into the usefulness of the cell phone records in lieu of other evidence that helped substantiate his alibi is not sufficient to satisfy either of these prongs. By García-Alvarez' own admission, the evidence was in his possession before and during trial. Docket Document No. 71. García-Alvarez should have explored every means of substantiating his alibi, particularly since it was the primary theory of his defense. The fact that García-Alvarez failed to appreciate the significance of his cell phone records and waited until after the trial to analyze them demonstrates a lack of diligence on his part. See, e.g., United States v. Villarreal, 324 F.3d 319, 326 (5th Cir. 2003)(finding that defendant was not sufficiently diligent where the new evidence proffered consisted of details in a video that was introduced at trial and which would have been visible had the tape been played more slowly); United States v. Alessi, 638 F.2d 466, 479 (2d Cir. 1980)(finding that defendant was not sufficiently diligent in

attempting to obtain a letter, the existence of which he had been aware of at trial); United States v. Pappas, 602 F.2d 131, 133-34 (7th Cir. 1979)(concluding that defendants' failure to appreciate the significance of evidence that was in their possession prior to trial showed a lack of diligence).

García-Alvarez further contends that he could not obtain the proffered evidence earlier because of the "circumstances of this case prior to or during the trial." Docket Document No. 71. He asserts that there was not enough time to perform an adequate investigation and fully develop the evidence because the trial was scheduled three weeks after García-Alvarez' arraignment and the government failed to turn over discovery materials until four days before the trial. Id.

These arguments fail as well. García-Alvarez never informed the court that he needed additional time to analyze his cell phone records. Moreover, García-Alvarez asserted that he did not understand the relevance and usefulness of an analysis of his cell phone records until well into the trial and after the trial was over. Id. It is, therefore, unlikely that García-Alvarez would have more diligently examined and analyzed the cell phone records that were in his possession if he had more time to prepare for trial. García-Alvarez also failed to explain how the government's delay in turning over discovery material prevented him from conducting a thorough analysis of his cell phone records.

Criminal No. 06-198 (JAF)                                              -10-

The bottom line is that García-Alvarez simply chose to pursue other means of establishing his alibi, even though the cell phone records were in his possession. He cannot now claim, after the trial has ended, that this evidence is newly discovered and could not have been obtained with due diligence. As such, we find that García-Alvarez has failed to meet the first two prongs of the test for a new trial.

**B.   Remaining Factors For Motion For New Trial**

According to the First Circuit, a Rule 33 motion must be denied if any of the four factors of the test for a new trial are lacking. United States v. Natanel, 938 F.2d 302, 313 (1st Cir. 1991). Accordingly, we need not discuss whether García-Alvarez satisfies the remaining two prongs, the materiality of the newly-discovered evidence and the likelihood of it bringing about an acquittal upon retrial. We conclude that García-Alvarez has failed to present any evidence that is newly discovered and warrants a new trial.

### III.

### Conclusion

For the reasons stated herein, Defendant García-Alvarez' motion for a new trial is **DENIED**. Docket Document No. 71.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of March, 2007.

                                       s/José Antonio Fusté
                                       JOSE ANTONIO FUSTE
                                       Chief U. S. District Judge